United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Genny Marino Rodriguez, Debtor. | ) | Civil Action No. 20-10758-Civ-Scola |
| | ) | |
| Bank of America, N.A., Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Bankruptcy Case No. |
| Genny Marino Rodriguez, Appellee. | ) | 12-12043-LMI |
| | ) | |

## **Order Granting Motion to Vacate Bankruptcy Court Order**

Now before the Court is the Appellant Bank of America, N.A.'s motion to vacate bankruptcy court order dismissing the appeal. For the reasons set forth below, the Court **grants** Bank of America's motion (ECF No. 7).

Bank of America appeals an order from the Bankruptcy Court of the Southern District of Florida. The order that is the subject of this appeal denied Bank of America's motion to reopen the case and impose sanctions on the debtor. On February 20, 2020, Bank of America timely filed its notice of appeal. On February 21, 2020, Bank of America filed its motion to for reconsideration with the Bankruptcy Court. The debtor responded to the reconsideration motion on March 5, 2020, and on March 10—before Bank of America could reply—the Court dismissed Bank of America's appeal for failure to timely file its designations within 14 days of filing the notice of appeal as required by Bankruptcy Rule of Federal Procedure 8009. Bank of America argues that the reconsideration motion tolled the time for the notice of appeal to become effective, and thus the time to file the required designations was also tolled. The Court agrees.

Federal Rule of Bankruptcy Procedure 8002(a) requires a party to file a notice of appeal with the clerk of the bankruptcy court, "within 10 days of the date of the entry of the judgment, order, or decree appealed from." And an appellant "must file and serve the designation and statement within 14 days after . . . the appellant's notice of appeal as of right becomes effective under Rule 8002." Fed. R. Bank. P. 8009(a)(1)(B)(i). These time limitations can be tolled by the filing of certain motions. If "a party files a notice of appeal after the court

announces or enters a judgment, or decree—but before it disposes of any motion listed in subdivision (b)(1)—the notice becomes effective when the order disposing of the last such remaining motion is entered." Fed. R. Bankr. P. 8002(b)(2). The list of motions in subdivision (b)(1) that toll the effectiveness of a notice of appeal include:

    (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
    (2) to alter or amend the judgment under Rule 9023;
    (3) for a new trial under Rule 9023; or
    (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.

Fed. R. Bankr. P. 8002(b)(1). Therefore, the notice of appeal does not become "effective" until resolution of the motions listed above. *See* Fed. R. Bankr. P. 8002(b)(2).

Bank of America moved for rehearing pursuant to Rule 9023. (ECF No. 7 at 3.) Because Rule 9023 is listed as a tolling motion in Rule 8002(b)(1), the notice of appeal does not become "effective" until resolution of the rehearing motion. Fed. R. Bankr. P. 8002(b)(2); s*ee also, In re Pacific Forest Products Corp.*, 335 B.R. 910, 914 (S.D. Fla. 2005) (Gold, J.). The designations do not need to be filed until 14 days after the Rule 9023 motion to alter or amend the judgment is adjudicated. Fed. R. Bankr. P. 8009(a)(1)(B)(ii).

In sum, the Court **grants** Bank of America's motion (**ECF No. 7**). The order dismissing the appeal for failure to timely file the designations (**ECF No. 6**) is vacated, and the appeal is reinstated. The Court further directs the Clerk to **reopen** this case.

**Done and ordered** in Chambers, at Miami, Florida, on April 1, 2020.

Robert N. Scola, Jr.
United States District Judge