United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re: | ) |
| | ) |
| Genny Marino Rodriguez, Debtor. | ) Civil Action No. 20-20758-Civ-Scola |
| | ) |
| Bank of America, N.A., Appellant, | ) |
| | ) |
| v. | ) |
| | ) Bankruptcy Case No. 12-12043-LMI |
| Genny Marino Rodriguez, Appellee. | ) |
| | ) |

## **Opinion and Order**

This matter is before the Court upon the Appellant Bank of America, N.A.'s Initial Brief (ECF No. 17) on its appeal of the bankruptcy court omnibus order February 7, 2020 in which the bankruptcy court judge declined to hold the appellee in contempt. And, this matter is also before the Court on the Appellee's cross appeal of the same February 7, 2020 order. After considering the briefs, the record, the argument of counsel, and the applicable authority, and for the reasons set forth below, the Court affirms the bankruptcy court's order.

**1. Background**

This case arises from a Chapter 7 bankruptcy proceeding, in which United States District Court Judge Federico A. Moreno issued a Surrender Order in 2016 which required the appellee Genny Marino Rodriguez to surrender her interest in a real property to Bank of America. *See Bank of America v. Genny Marino Rodriguez*, 15cv23609, ECF No. 17 (S.D. Fla. July 7, 2016) (Moreno, J.). Rodriguez owned the real property with her husband Jose Rodriguez ("Jose") in a tenancy in the entirety. Attorney Bruce Jacobs represented Rodriguez in the bankruptcy and represented both Rodriguez and her husband in the foreclosure case. After entry of the surrender order, Jose, who was not part of the bankruptcy case, continued to contest the foreclosure. However, in November of 2017, Jose died, and Rodriguez became the 100% owner of the property. Jacobs failed to notify the Court that his client had died, failed to open an estate, failed to substitute the personal representative of the estate as the appropriate party, and continued to litigate several appeals in Jose's name long after his death. Since Rodriguez became the 100% owner of the property upon Jose's death, all of those

actions and omissions were clearly in violation of the surrender order. Eventually, Bank of America was the successful highest bidder at the foreclosure sale. Nevertheless, Rodriguez's lawyer then filed an independent action in Jose's name seeking to vacate the final judgment of foreclosure and for damages on August 7, 2019, **almost two years after he died.** This action was also in violation of the surrender order.

On November 19, 2019, Bank of America filed its motion to compel and for contempt in the bankruptcy case, seeking an order finding Rodriguez in contempt of the surrender order. The bankruptcy judge reopened the case for the limited purpose of entering her order, which declines to find Rodriguez in contempt. During the hearing, United States Chief Bankruptcy Court Judge Laurel M. Isicoff stated that Rodriguez "improperly fought that foreclosure case for over a year," and suggested that her bringing the independent action to challenge the foreclosure action may be sanctionable under § 57.105, Florida Statutes. (ECF No. 12-2 at 1042-43.) Now, Bank of America appeals Judge Isicoff's February 7, 2020 order, arguing that she committed reversible error in declining to find Rodriguez in contempt. And, Rodriguez has filed a cross-appeal arguing the bankruptcy judge erred by not considering her own motion to hold the bank and its attorneys in contempt.

### 2. Standard of Review

Decisions regarding the imposition of sanctions under 11 U.S.C. § 105(a) are reviewed for an abuse of discretion. *See Franken v. Mukamal*, 449 Fed. App'x 776, 778 (11th Cir. 2011); *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). "Applying this standard, a reviewing court 'must affirm unless [it] find[s] that the lower court has made a clear error of judgment, or has applied the wrong standard.'" *In re Siskind*, 2018 WL 634547, at *1 (S.D. Fla. Jan. 31, 2018) (Rosenberg, J.) (quoting *In re Walker*, 532 F.3d at 1308.) "The reviewing court may affirm on any legal ground supported by the record." *Id.*

### 3. Analysis

The Court will first determine whether Rodriguez's cross-appeal is untimely, and then the Court will consider the merits of Bank of America's appeal.

#### A. Appellee's Cross Appeal is Untimely

Rodriguez's cross appeal is untimely and not properly before the Court. Indeed, the cross appeal was assigned to Judge Darren Gayles, and he dismissed the cross appeal as untimely. *In re: Genny Marino Rodriguez*, Case No. 20cv21967, ECF No. 11 (S.D. Fla. June 29, 2020) (Gales, J.). The cross appeal was never consolidated with this case.

As Judge Gayles already determined, Rodriguez's notice of appeal is untimely. An appellant must file a notice of appeal with the bankruptcy clerk "within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 80002(a)(1). The filing of certain motions, including motions for reconsideration, tolls the 14-day-limit. Fed. R. Bankr. P. 80002(b)(1). "[T]he time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motions." *Id*. Here, the bankruptcy judge issued the order that is the subject of this appeal on February 7, 2020. Rodriguez subsequently moved for rehearing (which is a tolling motion), and the bankruptcy court issued an order denying Rodriguez's motion for rehearing on March 13, 2020. Therefore, the deadline to file a notice of appeal was 14 days from March 13, or March 27, 2020. Rodriguez did not file her notice of appeal until May 8, 2020.

Rodriguez argues that her second motion for reconsideration, that she filed after her motion for rehearing was denied, also tolled the time to appeal. Rodriguez filed her second motion pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure 9023, which provides that a motion to alter or amend a judgment "shall be filed . . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Here, Rodriguez filed her second motion for reconsideration after the 14-day deadline, and therefore, her second motion for reconsideration was untimely, and the bankruptcy court denied the motion as untimely. Because the second motion for reconsideration was untimely, it did not toll the time to file a notice of appeal. *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) ("Untimely motions under rules 59 and 60 will not toll the time for filing an appeal"); *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (same).

"If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal". *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000). Therefore, this Court lacks jurisdiction to hear the cross appeal, and the Appellant Bank of America's motion to strike the Appellee's reply (**ECF No. 28**) is **granted**.

### B. The Bankruptcy Judge Did Not Abuse Her Discretion

The bankruptcy court "may issue any order . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). On its face, the plain language—that the court "may" issue—signals that § 105 is discretionary. Indeed, according to the Eleventh Circuit, the bankruptcy court has the "inherent power to impose sanctions" in appropriate circumstances. *In re Adell*, 296 Fed. App'x 837, 839 (11th Cir. 2008). "However, the bankruptcy court is not required to do so." *Id*.

Bank of America does not cite to any binding authority stating that the bankruptcy court must impose sanctions. Instead, it cites several cases which hold that, to enforce a bankruptcy court order, that same bankruptcy court must be the court that enforces compliance. *See Jones v. CitiMortgage, Inc.*, 666 Fed. App'x 766, 775 (11th Cir. 2016) ("the court that issued the discharge injunction was the United States Bankruptcy Court for the Northern District of Georgia, so that court alone possessed the power to enforce compliance with the discharge injunction and punish contempt of that order"); *see also Church v. Accretive Health, Inc.*, 2014 WL 7184340, *9 (S.D. Ala. Dec. 16, 2014); *In re McLean*, 794 F.3d 1313, 1319 (11th Cir. 2015). These cases do not hold that a bankruptcy court cannot use its discretion to decline to award sanctions. Judge Isicoff explained that Bank of America could request sanctions under § 57.105 in the state court case; she did not suggest that Bank of America request that the state court hold Rodriguez in contempt for failing to comply with the bankruptcy court's surrender order.

In short, Judge Isicoff did not abuse her discretion in declining to impose sanctions in this case. Nevertheless, it is clear that the independent action was filed in violation of the surrender order, and, as Judge Isicoff also envisioned, this Court is confident that the state court judge will honor the surrender order by dismissing the independent action now pending in state court.

### 4. Conclusion

In sum, the Court **affirms** the bankruptcy court's order. The Court also **grants** Bank of America's motion to strike Rodriguez's reply.

**Done and ordered** in Chambers, at Miami, Florida, on August 17, 2020.

_____
Robert N. Scola, Jr.
United States District Judge