United States District Court
for the
Southern District of Florida

| | |
|---|---|
| In re: | ) |
| | ) Civil Action No. 20-20758-Civ- |
| Genny Marino Rodriguez, Debtor. | ) Scola |
| | ) |
| | ) |
| Bank of America, N.A., Appellant, | ) |
| | ) |
| v. | ) Bankruptcy Case No. 12-12043- |
| | ) LMI |
| Genny Marino Rodriguez, Appellee. | ) |

### Opinion and Order

This matter is before the Court upon the Appellant Bank of America, N.A.'s motion for rehearing (ECF No. 37) on the Court's order affirming the Bankruptcy Court's February 7, 2020 omnibus order (ECF No. 33). After considering Bank of America's motion and the applicable authorities, the Court **denies** the Appellant's motion for the reasons set forth below. (**ECF No. 37**.)

### I.   Background[1]

On August 17, 2020, the Court issued an order affirming the Chief United States Bankruptcy Judge Laurel M. Isicoff's order on Bank of America's motion to compel and for contempt. (ECF No. 33.) In her omnibus order, Judge Isicoff stated, "Bank of America's request for contempt and sanctions against the Debtor and her counsel for filing the new Independent Action (*Genny M. Rodriguez v. Bank of America, N.A.*, Miami-Dade Case No. 2019-023437-CA-06) . . . are issues to be decided by the state court" which can "decide whether and to what extent" certain federal orders, including Judge Moreno's Surrender Order[2], "apply to the filing of the Independent Action." (Bkr. ECF No. 75, at 4.) Accordingly, the Bankruptcy Court "den[ied] secured creditor Bank of America, N.A.'s motion to reopen case to find debtor's counsel and debtor in contempt and for sanctions . . . for failure to comply with court orders directing surrender of Debtor's interest" in certain real property. (Bkr. ECF No. 75, at 1.)

---

[1] In its briefing, Bank of America asks the Court to clarify that the "Independent Action" as defined in Bank of America's motion for rehearing, was filed "in the Debtor's name, both in her individual capacity as well as the [alleged] personal representative of her husband's estate" and not "in the Debtor's husband's name" (ECF No. 37, at 2) as stated in this Court's prior order (ECF No. 33.) The Court agrees and corrects the misstatement in its prior order.
[2] See ECF No. 33, at 1-2 for a discussion of the Surrender Order.

In its appeal of the Bankruptcy Court's decision, Bank of America argued that, pursuant to 11 U.S.C. § 105(a), the Bankruptcy Court "*must* enforce" its orders and not leave enforcement up to any other Court (ECF No. 17, at 27-28) (emphasis added). Notwithstanding Bank of America's arguments to the contrary, the Court found it was not an abuse of discretion for Bankruptcy Judge Isicoff to decline to impose the sanctions requested by Bank of America based on non-compliance with the Bankruptcy Court's order because 11 U.S.C. § 105(a), which codifies the Bankruptcy Court's contempt powers, by its "plain language . . . is discretionary" and, as interpreted by the Eleventh Circuit, gives the Bankruptcy Court the "'inherent power to impose sanctions' in appropriate circumstances" at its discretion. (ECF No. 33, at 3) (quoting *In re Adell*, 296 Fed. App'x 837, 839 (11th Cir. 2008). The Court expressed the same confidence as Judge Isicoff that "the state court judge will honor the surrender order by dismissing the independent action now pending in stage court." (ECF No. 33, at 4.)

In it is motion for rehearing, Bank of America argues that the Court misunderstood its appeal and reviewed the Bankruptcy Judge's decision on the imposition of sanctions for abuse of discretion rather than deciding *de novo* the legal question of whether a Bankruptcy Court is "obliged to compel compliance with and otherwise enforce its own orders." (ECF No. 37, at 2.) Putting it another way, Bank of America states that the "Bankruptcy Court not only had the authority but the *duty* to put an end to these continued violations by compelling compliance . . . under 11 U.S.C. § 105." (ECF No. 37, at 9 (emphasis added).) In support of its argument, Bank of America claims the Court "overlooked or misunderstood [Bank of America's] argument . . . and may have mistakenly applied an incorrect standard for appellate review." (ECF No. 37, at 3.) Bank of America therefore requests the Court reconsider its earlier order "to correct clear error and prevent manifest injustice." (ECF No. 37, at 3.)

## II. Legal Standards

### A. Standard of Review

District courts "must accept the bankruptcy court's factual findings unless they are clearly erroneous, but reviews a bankruptcy court's legal conclusions *de novo*." *Stewart Title Guar. Co. v. Roberts-Dude*, 497 B.R. 143, 149 (S.D. Fla. 2013) (internal quotes omitted) (quoting *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996)). Under *de novo* review, the Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court. *Stewart*, 497 B.R. at 150.

### B. Reconsideration

While Federal Rule of Bankruptcy 8022 is silent on the standard for reconsideration, Courts in the Eleventh Circuit have applied the same standard for a rehearing motion as is applied to motions for reconsideration under Fed. R. Civ. P. 59(e). *In re Envtl. Techs. Int'l Inc.*, No. 8:17-cv-74-T-33, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017). Under Rule 59(e), a motion for reconsideration is appropriate where there is "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (Gold, J.).

### III. Analysis

Bank of America argues it was error for the Court to review Bankruptcy Judge Isicoff's decision to decline to impose sanctions against the Appellee for abuse of discretion because Bank of America's appeal raised a purely legal question which should have been reviewed *de novo*, namely whether the Bankruptcy Court is "obliged to compel compliance with and otherwise enforce its own orders" under 11 U.S.C. § 105. (ECF No. 33, at 2.) Under either standard of review, the Court reaches the same result.

Once again, Bank of America cites several cases which hold that, to enforce a bankruptcy court order, that same bankruptcy court must be the court that enforces compliance. *See Jones v. CitiMortgage, Inc.*, 666 Fed. App'x 766, 775 (11th Cir. 2016) ("the court that issued the discharge injunction was the United States Bankruptcy Court for the Northern District of Georgia, so that court alone possessed the power to enforce compliance with the discharge injunction and punish contempt of that order"); *see also Church v. Accretive Health, Inc.*, 2014 WL 7184340, at *9 (S.D. Ala. Dec. 16, 2014); *In re McLean*, 794 F.3d 1313, 1319 (11th Cir. 2015). (*See* ECF No. 33, at 4.) However, Bank of America's arguments ignore the fact that 11 U.S.C. § 105(a) is plainly discretionary on its face, empowering, but not requiring the Bankruptcy Court to issue certain sanctions in enforcement of its orders. (ECF No. 33, at 3-4) (discussing *In re Adell*, 296 Fed. App'x 837, 839 (11th Cir. 2008)). While both the Bankruptcy Court and this Court found the Appellant violated Judge Moreno's Surrender Order (See Bkr. ECF No. 75, at 3-5; ECF No. 33, at 4) it was well within Bankruptcy Judge Isicoff's discretion not to grant Bank of America's "request for contempt and sanctions against the Debtor and her counsel for filing the new Independent Action." (Bkr. ECF No. 75, at 4.) In a hearing on Bank of America's underlying motion, Bankruptcy Judge Isicoff told Bank of America the question of whether the Appellee's actions "in bringing the

independent action are sanctionable, are going to have to be decided under [Fla. Stat. § 57.105]" by the state court judge overseeing the independent action. (Jan. 13, 2020 Hearing Tr. Bkr. ECF No. 74, at 97.) Bankruptcy Judge Isicoff further clarified that "having confirmed that the surrender order is still in place, and cannot be collaterally attacked . . . what that means for purposes of the independent action is for [the state court judge] to decide." (Jan. 13, 2020 Hearing Tr. Bkr. ECF No. 74, at 97-98.) While 11 U.S.C. § 105(a) empowered Bankruptcy Judge Isicoff to take action to enforce the Bankruptcy Court's prior orders if she felt it was necessary and appropriate to do so, that is by no means the preordained "duty"-bound result suggested by Bank of America.

### IV.  Conclusion

While it was Bank of America's preference that the Bankruptcy Court enjoin the Appellee from proceeding with the independent action that result is not required under the plainly discretionary 11 U.S.C. § 105(a). Accordingly, the Court finds no manifest injustice or clear errors of law or fact in its prior order warranting rehearing.

In sum, the Court **denies** the Bank of America's motion for rehearing. (**ECF No. 37**.)

**Done and ordered** at Miami, Florida, on November 12, 2020.

Robert N. Scola, Jr.
United States District Judge